UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL M. SCHAEFER, JR. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.  4:18-cv-01416-AGF |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Daniel Schaefer's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2254 on the basis of ineffective assistance of post-conviction counsel.  For the reasons set forth below, the petition will be denied.

## BACKGROUND

**Criminal Case**

On March 16, 2013, Petitioner drove his car at a high speed while under the influence of alcohol, lost control and left the roadway, and caused an accident in which he and his passenger, Marquees Blackmon, were injured.  On December 15, 2014, Petitioner appeared in Missouri state court and pleaded guilty to second degree assault for operating a motor vehicle while intoxicated and causing physical injury to another person in violation of Mo. Rev. Stat. § 565.060.[1]  During the plea colloquy, Petitioner confirmed

---

[1] This statute was transferred to Mo. Rev. Stat. § 565.052 in 2014 and amended in 2017 to delete specific references to driving while intoxicated.  The current version simply defines

the factual basis for the plea and indicated that he was satisfied with his lawyer's services. The court suspended imposition of sentence and ordered five years' probation. On August 20, 2015, Petitioner appeared before the court on a probation violation and was sentenced to seven years in the Missouri Department of Corrections, to run concurrently with other unrelated state and federal sentences.[2]

**Post-conviction Proceedings**

Petitioner timely filed a pro se motion for post-conviction relief under Missouri Supreme Court Rule 24.035. Appointed counsel subsequently filed an amended motion out of time,[3] asserting that plea counsel was ineffective for failing to interview Mr. Blackmon and failing to litigate a motion to suppress challenging the validity of Petitioner's blood alcohol test. The motion court (and the same judge who presided over the plea and sentencing) conducted an evidentiary hearing during which plea counsel refuted Petitioner's factual allegations and defended her decisions in the case. Her performance is not at issue here. As pertinent to the petition, post-conviction counsel did not call Mr. Blackmon, did not call any witness relevant to the lab results, and was unsuccessful in admitting any documentary evidence to support Petitioner's theories for post-conviction relief. ECF No. 12-1.[4]

---

second-degree assault as recklessly causing serious physical injury to another person.

[2]    Petitioner is currently confined in the United States Penitentiary – Hazelton, in West Virginia, on unrelated federal charges.

[3]    Counsel filed two motions for additional time, but the motion court never ruled on them.

[4]    Counsel did file a thorough motion and proposed judgment on her client's behalf. ECF No. 1-3 at pp. 26-37 and pp. 39-49.

Despite the untimeliness of Petitioner's amended motion (necessitating an "abandonment" inquiry under Missouri law),[5] the motion court considered the merits and denied the motion, reasoning that Petitioner failed to establish how Mr. Blackmon's testimony would have aided his case and also failed to establish any defect in the lab results. The court further noted that Petitioner had admitted that he was intoxicated at the time of the accident and had previously confirmed that he was satisfied with counsel's services, expressing dissatisfaction only when his probation was revoked. ECF No. 12-2 at 102. Thus, without explicitly applying *Strickland* standards,[6] the motion court implicitly concluded that Petitioner failed to demonstrate ineffectiveness and in any case he suffered no prejudice.

**Appeal**

Petitioner timely appealed to the Missouri Court of Appeals, asserting as his sole point of error that post-conviction counsel's performance was deficient to a degree warranting reconsideration of Missouri precedent precluding claims of ineffectiveness of post-conviction counsel. ECF No. 12-3. Petitioner argued that the concept of abandonment should be extended to encompass the performance of post-conviction counsel. The Missouri Court of Appeals rejected that theory and affirmed the judgment, relying on established precedent holding that claims of ineffective assistance of post-

---

[5] Under Missouri law, the motion court is required to conduct an independent inquiry as to whether counsel "abandoned" the movant by failing to file a timely amended motion. If the court finds that counsel abandoned the movant, then it may consider the merits of the amended motion, as abandonment extends the time limit for filing an amended motion. *Huffman v. State*, 493 S.W.3d 892, 895 (Mo. App. E.D. 2016).

[6] *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

conviction counsel are not cognizable.  ECF No. 12-5.  Though Petitioner's appeal did not challenge the motion court's finding that *plea* counsel was effective, the appellate court nonetheless reviewed the record on the merits and found no error in that determination.  Petitioner did not seek transfer to the Missouri Supreme Court.

**Habeas Claims**

In his present petition under 28 U.S.C. § 2254, Petitioner asserts three grounds for relief, all related to the performance of post-conviction counsel.  First, Petitioner asserts that post-conviction counsel was ineffective for filing his amended motion out of time, calling only two witnesses at the evidentiary hearing, and failing to adduce admissible evidence supporting his theories.  Second, Petitioner faults Missouri courts for refusing to recognize claims of ineffective post-conviction counsel.  Third, Petitioner suggests that forcing a defendant to suffer the consequences of ineffective post-conviction counsel is a form of cruel and unusual punishment.

In response (ECF No. 12), the State of Missouri maintains that the state courts' decisions are reasonable and entitled to deference and that Petitioner's claims of ineffective post-conviction counsel are not cognizable under § 2254.  The State further submits that Petitioner's Eighth Amendment claim was not raised in state proceedings and is therefore procedurally defaulted, and that it is also meritless.  Petitioner elected not to file a substantive reply, stating that he wished to let his "first filing speak for itself."  ECF No. 26.

4

## DISCUSSION

Pursuant to 28 U.S.C. § 2254, a prisoner may seek relief from a sentence on the ground that the State court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1)-(2). However, the statute expressly forecloses relief for the "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings . . ." § 2254(i). "[T]here is no federal constitutional right to the effective assistance of post-conviction counsel." *Christenson v. Ault*, 598 F.3d 990, 995-96 (8th Cir. 2010) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)).

Petitioner did not preserve on appeal and does not attempt to assert here any of his underlying claims of ineffectiveness of *plea* counsel. Any such claims are therefore procedurally defaulted. *See Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Circuit 2012) (holding that appellate post-conviction counsel's failure to preserve ineffectiveness claims does not excuse procedural default). Rather, Petitioner asserts only claims of ineffectiveness of *post-conviction* counsel, which are not cognizable in a federal habeas framework. *Jennings v. Groose*, 4:94CV1349 CDP, 2015 WL 1475663, at *3 (E.D. Mo. Mar. 31, 2015). Consequently, Petitioners first and second claims must be denied.

For his third claim, as the Court understands it, Petitioner asserts that the prejudice he has suffered as a result of post-conviction counsel's ineffectiveness is a form of cruel

5

and unusual punishment. Petitioner did not preserve this theory in state court proceedings.[7] Section 2254 requires that an "applicant has exhausted the remedies available in the courts of the State . . ." § 2254(b)(1)(A). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). As such, Petitioner's third claim is procedurally defaulted as well. Moreover, even were the claim properly preserved, it remains premised on the same unavailing theory as his first two claims.

A federal habeas court may reach the merits of procedurally defaulted claims where the petitioner shows a miscarriage of justice. *Dyson v. Dormire*, 4:06CV971 CDP, 2009 WL 3164129, at *6 (E.D. Mo. Sept. 28, 2009) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). This narrow exception is limited to extraordinary circumstances where actual innocence can be demonstrated. *Id.* Such is not the case here. Petitioner confirmed in the evidentiary hearing that he was under the influence of alcohol and narcotics at the time of the accident. ECF No. 12-1 at 23-25.

**Evidentiary Hearing**

A district court "must hold an evidentiary hearing if the petitioner has alleged disputed facts which, if proved, would entitle him to habeas relief." *Newton v. Kemna*, 354 F.3d 776, 785 (8th Cir. 2004). The court may deny a hearing where it would not

---

[7] Petitioner's appellate point relied on, constructed in accordance with Missouri Supreme Court Rule 84.04(d), generically cites the Eighth Amendment as a basis for his claim of ineffectiveness of post-conviction counsel, but he presents no analysis in the argument section of his appellate brief. ECF No. 12-3. "A contention that is not supported with argument beyond conclusions is considered abandoned." *Lattimer v. Clark*, 412 S.W.3d 420, 423 (Mo. App. W.D. 2013).

6

assist in resolving the petitioner's claim. *Id*. Petitioner has not requested an evidentiary hearing and the Court does not find one necessary here.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Daniel Schaefer's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue. A separate Judgment will accompany this Memorandum and Order.

                                                                            _____
                                                                            AUDREY G. FLEISSIG
                                                                            UNITED STATES DISTRICT JUDGE

Dated this 14th day of June 2021.